IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Thomas Reitnauer a/k/a Thomas Eugene Reitnauer<br>Debtor, | BANKRUPTCY CASE NUMBER<br>19-13879 - PMM |
| Nationstar Mortgage LLC as servicer for Metropolitan Life<br>Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| Thomas Reitnauer a/k/a Thomas Eugene Reitnauer<br>Debtor/Respondent,<br><br>Scott Waterman, Trustee<br>Additional Respondent. | |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor's property at 112 N Mill St, Birdsboro, PA 19508 (the "Property"), are $4,639.24. The breakdown of the arrears is as follows:

| | |
|---|---|
| Post-Payments from 10/01/2022 to 01/01/2023 at $870.49 each | $3,481.96 |
| Suspense Balance | $(80.72) |
| Bankruptcy Fees | $1,050.00 |
| Bankruptcy Costs | $188.00 |

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

(a) Movant shall apply $80.72 from Debtor Suspense to the arrearage balance;

(b) The balance of the arrears, to-wit, $4,639.24, shall be cured by the Debtor in eight (8) consecutive payments commencing on February 15, 2023. The Debtor shall pay the sum of $579.90 for seven (7) months and a final payment of $579.94 due September 15, 2023 until the arrears are cured, together with the regular monthly mortgage payment.

(c) Debtor shall resume making the regular monthly mortgage payments on February 1, 2023 in the amount of $870.49, or as same may be adjusted from time to time.

(d) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(e) All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: Nationstar Mortgage Bankruptcy Department, PO Box 619094 Dallas, TX 75261-9741;

(f) All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the

Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

8. Debtor agree that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 2/10/2023

/s/ Christopher A. DeNardo

Christopher A. DeNardo 78447
Lorraine Gazzara Doyle  34576
Attorney for Movant

Dated: 1/30/2023

/s/Joseph L. Quinn Ross

Joseph L. Quinn, Ross, Quinn & Ploppert, P.C.
Attorney for Debtor

4 Reitnauer Stipulation Bankruptcy Case # 19-13879 - PMM

Dated: 2/6/23                                    _Orlando Ramos for_
                                                 Scott Waterman
                                                 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Thomas Reitnauer a/k/a Thomas Eugene Reitnauer<br>    Debtor, | BANKRUPTCY CASE NUMBER<br>19-13879 - PMM |
| Nationstar Mortgage LLC as servicer for Metropolitan Life<br>    Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| Thomas Reitnauer a/k/a Thomas Eugene Reitnauer<br>    Debtor/Respondent, | |
| Scott Waterman, Trustee<br>    Additional Respondent. | |

## **ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of the Stipulation entered between Debtor and Movant, it is hereby ORDERED that the foregoing Stipulation is hereby APPROVED and entered as an ORDER of Court.

BY THE COURT:

_____
HONORABLE PATRICIA M. MAYER
UNITED STATES BANKRUPTCY JUDGE